In the Matter of the Petition of GEORGE MERCER and CHARLES COLEMAN MILLER to Render and Settle Their Account as Executors of and Trustees under the Last Will and Testament of WARREN SNYDER, Deceased.

(Surrogate's Court, Kings County, December, 1921.)

**Decedents' estates — banks and banking — dividends on savings bank deposits accruing subsequent to owner's death not principal but income.**

Dividends derived from the earnings of a savings bank which did not accrue to decedent in his lifetime form no part of the principal of his estate but are payable as income to the legatees of income.

Surrogate's Court, Kings County, December, 1921.   [Vol. 117.

SETTLEMENT of executors' accounts.

Charles Coleman Miller, for petitioners, George Mercer and Charles Coleman Miller.

Edward J. Flanagan, special guardian, for William Van Voorhees, William Grant and Betty Warren Mac-Millan.

WINGATE, S.   The decedent died June 27, 1919, a depositor in fourteen savings banks.   On July 1, 1919, dividends were credited to the accounts standing in his name.   The sums thus credited, though commonly so called, are not interest — which is compensation paid by a borrower of money to the lender for its use — and are not apportionable between principal and income.   They are dividends derived from earnings, and are payable to the depositor only if declared by the trustees of the banks, and then only if the deposits are not withdrawn prior to the close of the period for which they are declared.   In the case at bar this period closed June 30, 1919.

The right to participate in these dividend distributions did not accrue to the decedent in his lifetime, and when credited or paid after his death they form no part of the principal of his estate.   They are the product or produce of his estate, arising during its administration, and are payable as income to those to whom by his will the testator bequeathed the income of the property of which he died possessed.

Settle decree accordingly.